IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:   Jennifer M Foxworth | : | Case No. 24-14583-amc |
| Debtor | : | |
| | : | Chapter 13 |
| | : | |
| TH MSR HOLDINGS LLC | : | |
| C/O ROUNDPOINT MORTGAGE SERVICING LLC | : | |
| | : | |
| Movant, | : | |
| | : | |
| vs. | : | |
| | : | |
| Jennifer M Foxworth | : | |
| William Foxworth | : | |
| Debtor and Non-Filing Co-Debtor | : | |
| | : | |
| Kenneth E. West, Ch 13 Standing Trustee | : | |
| Respondents | : | |

**MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING AND TERMINATING THE AUTOMATIC STAY AS TO DEBTOR AND CO-DEBTOR**

TH MSR HOLDINGS LLC C/O ROUNDPOINT MORTGAGE SERVICING LLC CORPORATION (the "Movant"), by an through its attorneys Pincus & Tarab, Attorneys at Law, PLLC, hereby submits its motion (the "Motion") for an Order: (i) pursuant to 11 U.S.C. § 362(d) providing that the automatic stay imposed by 11 U.S.C. § 362(a) and the Co-Debtor stay pursuant to 11 U.S.C. § 1301 be modified and terminated with respect to real property known as **185 Northpark Drive, Levittown, PA 19054** (the "Premises") currently owned by Jennifer M Foxworth (the "Debtor") and William Foxworth (the Non-filing "Co-Debtor"); (ii) waiving the stay invoked pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and (iii)

granting the Movant such other and further relief as this Court deems just and proper. In further support of this Motion, Movant respectfully states:

## PROCEDURE

1. On December 26, 2024, the Debtor filed a voluntary petition for relief under Chapter 13 Title 11 of the United States Code with this Court.

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for relief requested herein is 11 U.S.C. § 362(d) and 11 U.S.C. § 1301.

## BACKGROUND

3. The Movant is the holder of a Note dated July 20, 2020 in the original amount of $346,750.00. The Debtor and the Non-filing Co-Debtor are the holders of a Mortgage recorded February 28, 2018 which was assigned to Movant on July 20, 2020. True and correct copies of the Note, the Mortgage, and Assignment of Mortgage are annexed hereto and marked collectively as **Exhibit "A."**

4. The Co-Debtor, William Foxworth is not a party to the instant bankruptcy but is a Co-Obligor on the aforementioned Mortgage.

5. Movant (or its predecessor in interest) has instituted or wishes to institute foreclosure proceedings on the Mortgage because of the Debtor's failure to make monthly payments required thereunder.

6. The foreclosure proceedings filed or to be instituted were stayed by the filing of the instant Chapter 13 Petition.

7. The Debtor has failed to make payments to discharge the arrears on the Mortgage or have failed to make the current monthly payments on the Mortgage since the filing of the Chapter 13 Petition or have failed to do both. According to records maintained by the Movant, as of September 22, 2025, the Debtor is due for the following payments:

|  | Amount Per Month | Totals |
|---|---|---|
| Payment 07/01/2025 | $2,143.67 | $2,143.67 |
| Payment 08/01/2025 | $2,143.67 | $2,143.67 |
| Payment 09/01/2025 | $2,143.67 | $2,143.67 |
| Less Suspense | $176.49 | $176.49 |
| TOTAL DUE AS OF 9/22/2025 |  | $6,254.52 |

8. As of September 11, 2025, there is a total indebtedness owed on the Note and The Mortgage in the amount of $320,247.17.

9. As of September 11, 2025, the unpaid principal balance is $312,995.88.

10. In addition, reasonable Attorney's fees and Court filing costs for the preparation and filing of this Motion are not to exceed $1,249.00.

11. Interest on the unpaid principal balance continues to accrue, and to protect its security in the Premises, the Movant may be required to make advances for property taxes, insurance and related matter.

## THE AUTOMATIC STAY SHOULD BE VACATED

12. 11 U.S.C § 362(d) provides in pertinent part; On request of a party in interest and after notice and hearing, the court shall grant relief form the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay:

1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

2) with respect to a stay of an act against property under subsection (a) of this section if:

(A) the Debtor does not have any equity in such property; and

(B) such property is not necessary to an effective reorganization.

13. Movant has cause to have the Automatic Stay modified as to Debtor and Co-Debtor with regard to the premises to permit Movant to complete foreclosure on its Mortgage.

14. Movant has cause to have relief from the Automatic Stay effective immediately and such relief should not be subject to the fourteen-day period as set forth in Bankruptcy Rule 4001(a)(3), as Movant will incur substantial additional costs and expenses by the imposition of said fourteen-day period.

15. It is respectfully submitted that cause exists to vacate the automatic stay as the Debtor and Co-Debtor are in default under the terms and provisions of the Note and the Mortgage by, among other things, failing to make monthly post-petition mortgage payments to the Movant as set forth above. As a result, the Movant's interest in the Premises would not be adequately protected should the automatic stay remain in place.

16. The other Respondent is the Standing Trustee appointed in the present Chapter 13 proceeding.

(THIS PORTION OF THE PAGE IS LEFT INTENTIONALLY BLANK)

**WHEREFORE**, the Movant respectfully request that this court enter an Order vacating or modifying the automatic stay pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. §1301 as to permit Movant to foreclose on its mortgage and allow Movant or any other purchaser at Sheriff's Sale to take legal action for enforcement of its right to possession of said premises.

Respectfully submitted,

Dated: September 24, 2025

**PINCUS & TARAB, ATTORNEYS AT LAW, PLLC**

By:  /s/ Michael Clark
Michael Clark, Esquire
Five Greentree Centre
525 Route 73 North, Suite 309
Marlton, NJ 08053
Telephone: 516-699-8902
Fax: 516-279-6990
Email: mclark@pincuslaw.com