**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | : Bankruptcy No. 24-14583-amc |
| Jennifer M. Foxworth | : Chapter 13 |
|     Debtor | : |
| | : |
| TH MSR Holdings LLC | : |
| c/o RoundPoint Mortgage Servicing LLC | : |
|     Movant | : |
|     vs. | : |
| Jennifer M. Foxworth and William Foxworth | : |
| | : |
|     Debtor and | : |
|     Non-Filing Co-Debtor/Respondent | : |
| | : |
| Kenneth E. West | : |
|     Trustee/Respondent | : |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF**
**FROM AUTOMATIC STAY AND CO-DEBTOR STAY**

TH MSR Holdings LLC ("Movant") and Jennifer M. Foxworth ("Debtor") and William Foxworth ("Co-Debtor"), through their respective counsel, hereby stipulate as follows:

1. The automatic stay as provided by 11 U.S.C. Section 362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Movant is the holder of a first mortgage lien on Debtor's Property located at **185 Northpark Drive, Levittown, PA 19054**.

3. The parties certify that the total post-petition delinquency as of November 1, 2025, is $6,904.02 consisting of monthly post-petition payments for 08/01/2025 through 11/01/2025 in the amount of $2,134.67 each less Suspense of $1,634.66.

4. Debtor shall cure the arrears as set forth above by rolling the $6,904.02 balance of the post-petition arrears into and pay it through the Debtors' Chapter 13 Plan of Reorganization in order to cure this portion of the post-petition arrears in addition to the current arrearage amount on Movant's Proof of Claim. Debtors' attorney shall file an Amended Plan within seven (7) days of the entry of this Stipulation.

5. Debtors shall make the regular monthly payments required to the Trustee.

6. Debtors agree to continue making the regular post-petition monthly mortgage payments to Creditor in the amount of $2.134.67 (or as may be adjusted periodically as per standard escrow practices), commencing with the **12/01/2025** payment and monthly for every payment thereafter.

7. Debtors shall send all payments due directly to Creditor at the address below:

    RoundPoint Mortgage Servicing LLC
    PO Box 19409
    Charlotte, NC 28219-9409

8. In the event Debtors fail to make any of the above described payments or should any payment be more than thirty days late with any of the above described payments, or if any regular monthly payment commencing after the cure of the post-petition delinquency is more than fifteen days late, Movant may send Debtors and their counsel a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of this notice, counsel for Creditor may file a Certification of Default with the Court, and the Court shall enter an Order granting relief from the automatic stay with regard to the Property at **185 Northpark Drive, Levittown, PA 19054.**

9. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtors shall not construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

10. In the event the instant bankruptcy case is converted to a case under Chapter 7, the Debtors shall pay all pre-petition and post-petition arrears in full within ten (10) days from the date of such conversion. Should the Debtor fail to pay all pre-petition and post-petition arrears in full within the ten-day period, such failure shall be deemed a default under the terms of this Stipulation and Creditor may send Debtors and their counsel, a written notice of default. If the default is not cured within ten (10) days from the date of the notice, counsel for Creditor may file a Certificate of Default with the Court and the Court shall enter an Order granting relief from the automatic stay with regard to the Property at **185 Northpark Drive, Levittown, PA 19054**.

11. The parties hereby respectfully request that the Court enter the attached proposed Order approving the Stipulation in Settlement of the Motion for Relief from Automatic Stay as to Debtor and Co-Debtor.

12. It is further agreed that the 14-day stay provided by Rule 4001 (a)(3) is hereby waived.

13. The parties agree that a facsimile signature shall have the same force and effect as an original signature.

| | |
|---|---|
| /s/ Michael Clark, Esq | /s/ Brad J. Sadek, Esq. |
| Michael Clark, Esquire | Brad J. Sadek, Esquire |
| Pincus & Tarab, Attorney at Law, PLLC | Attorney for Debtor |
| Attorney for Creditor | |

/s/ Jack K. Miller, Esquire     for
_____
Kenneth West
Chapter 13 Trustee

I have no objection to its terms, without prejudice to any of our rights and remedies.